UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

I̲LEANA S̲IMPLICEAN,

    Plaintiff,

v.

SSI (US), I̲NCORPORATED, ET AL.,

    Defendants.

Case No. 18-cv-11297

U̲NITED S̲TATES D̲ISTRICT C̲OURT J̲UDGE
G̲ERSHWIN A. D̲RAIN

_____/

**<u>OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE [#6] AND ALLOWING PLAINTIFF TO FILE A MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT</u>**

**I. I̲NTRODUCTION**

Plaintiff, Ileana Simplicean, is a licensed attorney residing in Wayne County. Defendant SSI (US) Inc. ("SSI") is an executive search and leadership consulting firm that identifies, attracts, and recommends individuals for leadership and executive level positions at corporations. Visteon retained SSI to recruit its new General Counsel. Plaintiff filed the present action against Defendant SSI Inc. and its former employees Francois Truc and Pierre-Edouard Paquet in March of 2018 alleging gender discrimination in hiring.

Presently before the Court is Defendant SSI's Motion to Dismiss. [Dkt. No. 6]. For the reasons discussed below, this Court will grant Defendant's Motion to Dismiss without prejudice and dismiss Plaintiff's complaint against SSI and individual defendants Truc and Paquet. Furthermore, this Court will allow Plaintiff to file a motion for leave to amend her complaint.

## II. FACTUAL BACKGROUND

In 2015, Visteon Corporation hired Defendant SSI to identify candidates for a position as Visteon's General Counsel. Dkt. No. 1, pg. 23 (Pg. ID 23). Francois Truc and Pierre-Paquet were the SSI employees who handled the majority of Visteon's search for a new General Counsel. *Id.* Defendant scouted Plaintiff for the General Counsel position, identifying her as a "perfect candidate." *Id.* Paquet informed Plaintiff that first she would interview with Truc, and then she would meet with Visteon's executive team if her interview with Truc went well. *Id.* at pg. 24 (Pg. ID 24). After Plaintiff interviewed with Truc, Defendant informed her that she was on the short list of three candidates that Visteon would be considering for the General Counsel position. *Id.* Two male candidates were on the short list with Plaintiff. *Id.*

Around November 20, 2015, Truc notified Plaintiff that Visteon had decided to conduct final interviews with the other two candidates and not Plaintiff. *Id.* Truc also informed Plaintiff that Visteon's senior management viewed the male

candidates as leaders and Plaintiff as a "support" or a "second in command." *Id.* Visteon ultimately hired a male for its General Counsel position. *Id.* at pg. 25 (Pg. ID 25). Visteon has never had a woman in its General Counsel position. *Id.* at pg. 25 (Pg. ID 25). Plaintiff believes that Visteon's senior management told Truc and Paquet that it did not want a female General Counsel. *Id.*

On March 26, 2018, Plaintiff filed the present complaint in the Circuit Court for Wayne County against Truc, Paquet, and SSI. Dkt. No. 1, pg. 29 (Pg. ID 29). Plaintiff served SSI with the summons and complaint, but Plaintiff has not yet served Truc or Paquet. Plaintiff's complaint brings a single count of gender discrimination under the Michigan Elliot Larsen Civil Rights Act ("ELCRA"). *Id.* at pg. 25 (Pg. ID 25). Plaintiff alleges that Defendant, as an agent for Visteon, is liable for Visteon's gender discrimination against her. *Id.* Additionally and/or alternatively, Plaintiff alleges that Defendant is liable as an employment agency. *Id.* Plaintiff also alleges that Defendant aided and abetted Visteon in discriminating against her because of her sex. *Id.* at pg. 26 (Pg. ID 26). On April 25, 2018, Defendant SSI removed the case to this Court based on diversity jurisdiction. *Id.* at pg. 1 (Pg. ID 1). On May 22, 2018, Defendant filed its Motion to Dismiss. Dkt. No. 6. Plaintiff opposed the Motion on June 12, 2018. Defendant filed its reply on June 26, 2018. Dkt. No. 13.

## III. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) governs motions to dismiss. The Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "allege enough facts to make it plausible that the defendant bears legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016). The facts need to make it more than "merely possible that the defendant is liable; they must make it plausible." *Id.* "Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Id.* A claim will be dismissed "if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

## IV. DISCUSSION

Plaintiff's complaint asserts three theories of liability. First, Plaintiff asserts that Defendant is liable as an agent of Visteon. Dkt. No. 1, pg. 26 (Pg. ID 26). Second, Plaintiff argues that Defendant is liable as an employment agency. *Id.* Third, Plaintiff states that Defendant is liable because it aided and abetted Visteon's discrimination. *Id.*

1. Agency

Plaintiff's complaint alleges that Defendant violated Section 202 of the ELCRA "as agents of Visteon" by "failing or refusing to hire or recruit, or . . . discriminating against Plaintiff with respect to employment . . . because of her sex." Dkt. No. 1, pg. 26 (Pg. ID 26). Defendant argues that to bring an action against a non-employer under the ELCRA, the non-employer must have significant control over the firing, hiring, disciplining, or promoting of the plaintiff. Dkt. No. 6, pg. 16 (Pg. ID 54). Defendant states that it did not have significant control over Visteon's hiring decision. *Id.*

The ELCRA states that "[a]n employer shall not . . . [f]ail or refuse to hire or recruit . . . an individual with respect to employment . . . because of . . . sex . . . ." M.C.L. § 37.2202(1)(a). Under the ELCRA, the definition of an employer includes agents of an employer. *Id.* at § 37.2201(a). Plaintiff alleges that Defendant, as an agent of Visteon, is liable for Visteon's failure to employ her because of her sex. Dkt. No. 1, pg. 26 (Pg. ID 26).

The Sixth Circuit states that under the ELCRA, a supervisor can be liable as an agent for employment discrimination if he or she "is responsible for making personnel decisions." *See Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 434 (6th Cir. 2012). Michigan courts have held the same. The Michigan Supreme Court

holds that a non-employer defendant can be liable under the ELCRA if the defendant "affected or controlled a term, condition, or privilege of the worker's employment." *McClements v. Ford Motor Co.*, 702 N.W.2d 166, 174–75 (Mich. 2005). The Michigan Court of Appeals has noted that a person is an agent for a company if he "has responsibility for making personnel decisions." *See Jenkins v. Se. Mich. Chapter, Am. Red Cross*, 369 N.W.2d 223, 230 (Mich. Ct. App. 1985). Similarly, the Eastern District of Michigan has followed the principle that an individual is an agent under the ELCRA if s/he is responsible for personnel decisions. *Comiskey v. Auto. Indus. Action Grp. (A.I.A.G.)*, 40 F. Supp. 2d 877, 891 (E.D. Mich. 1999); *Odigbo v. Nw. Airlines, Inc.*, 8 F. Supp. 2d 660, 664 (E.D. Mich. 1998) (holding "that the term 'agent' as used in the [ELCRA] is someone in a supervisory capacity who exercises significant control over the plaintiff's hiring, firing, or conditions of employment."). The *Odigbo* court likewise held that agents are individuals whom an employer has delegated "employer-like functions" to. *See Odigbo*, 8 F. Supp. 2d at 665.

Here, Plaintiff's complaint does not allege sufficient facts to make it plausible that Defendant was an agent of Visteon that can be held liable under the ELCRA. Plaintiff's complaint states that "SSI is an executive search and leadership consulting firm that specializes in identifying, attracting and recommending individuals for senior leadership and executive-level positions with corporate

clients . . . ." Dkt. No. 1, pg. 23 (Pg. ID 23). The complaint states that Visteon hired Defendant to identify candidates for employment as Visteon's General Counsel. *Id.* SSI employees Truc and Paquet subsequently recruited Plaintiff for the General Counsel position. *Id.* The complaint then states that *Visteon's* senior management decided to interview the other two male candidates instead of interviewing Plaintiff. *Id.* at pg. 24 (Pg. ID 24). Defendant's employee, Truc, communicated to Plaintiff Visteon's decision to exclude Plaintiff from further consideration for the position. *Id.* However, Defendant did not make the decision to exclude Plaintiff from further interviews nor do the facts allege that it had the authority to do so. The extent of Defendant's control was its control to recruit candidates of its choice to present to Visteon. Defendant fulfilled this role when it recruited Plaintiff.

Thus, Plaintiff's complaint alleges that Defendant only had the authority to recruit General Counsel candidates for Visteon. Her complaint does not allege that Defendant had the authority to hire Plaintiff or exclude her from consideration as Visteon's General Counsel. The most that Plaintiff's complaint alleges is that Defendant told Plaintiff that Visteon did not want to hire her because Visteon viewed her as a "support" or "second in command." However, even this allegation, taken as true, does not sufficiently allege that Defendant had significant control over Visteon's interview decisions or ultimate hiring decision. Plaintiff's

complaint alleges that Defendant communicated a message from Visteon to Plaintiff that was discriminatory in nature. However, Defendant had no control over the message that Visteon chose to convey to Plaintiff.

The facts from Plaintiff's complaint, taken as true, do not make it plausible that Defendant made personnel decisions, controlled a term of Plaintiff's employment, or exercised significant control over Plaintiff's hiring. Therefore, the facts as alleged do not make out a plausible claim that Defendant is liable for employment discrimination as Visteon's agent.

2. Employment Agency

Plaintiff 's complaint states that under Section 203 of the ELCRA, SSI, as an employment agency, was "prohibited from failing or refusing to refer or place for employment, or otherwise discriminate against, Plaintiff because of her sex." Dkt. No. 1, pg. 26 (Pg. ID 26). Defendant argues that it is not an employment agency under the ELCRA. *See* Dkt. No. 6, pg. 20 (Pg. ID 58). Even if it is an employment agency, Defendant restates that it did not have significant control over Visteon's hiring decision to be liable for discrimination. *Id.*

Section 203 of the ELCRA states that "an employment agency shall not fail or refuse to procure, refer, recruit, or place for employment, or otherwise discriminate against, an individual because of . . . sex . . . ." M.C.L. § 37.2203. An employment

-8-

agency is defined as "a person regularly undertaking with or without compensation to procure, refer, recruit, or place an employee for an employer or to procure, refer, recruit, or place for an employer or person the opportunity to work for an employer and includes an agent of that person." *Id.* at § 37.2201.

Assuming that Defendant is an employment agency under the ELCRA, Plaintiff nevertheless does not allege sufficient facts to support the conclusion that Defendant violated Section 203 of the ELCRA. Plaintiff's complaint does not support a plausible finding that Defendant failed or refused to recruit her because of her sex. On the contrary, Plaintiff's complaint states that Defendant scouted her for the position of Visteon's General Counsel Dkt. No. 1, pg. 23 (Pg. ID 23). Therefore, Defendant successfully recruited her for the position. Visteon made the decision not to hire Plaintiff after Defendant had recruited her. *Id.* at pgs. 23–24 (Pg. ID 23–24).

Further, the Eastern District of Michigan and other Michigan courts have declined to find employment agencies liable when the agency did not have significant control over the adverse employment action. *See Bond v. Sodecia N.A., Inc.*, No. 12-cv-15160, 2014 WL 2864895, at *12 (E.D. Mich. June 24, 2014) (finding that a staffing agency was not liable in part because there was no evidence that it had any control over the plaintiff's working environment); *Seudeal v. Ciena Health Care Mgmt.*, Docket No. 300144, 2011 WL 4953517, at *1–2 (Mich. Ct.

App. Oct. 18, 2011) (concluding that a management firm was not liable under the ELCRA in part because there was no evidence that it "affected or controlled a term, condition, or privilege of [the] plaintiff's employment."). As determined in this Court's analysis of Plaintiff's agency theory, above, Plaintiff's complaint does not allege sufficient facts to find that Defendant had significant control over any adverse employment action.

Next, Plaintiff's complaint states that Defendant dropped her as a prospective candidate from executive positions with other clients. Dkt. No. 1. Pg. 25 (Pg. ID 25). Plaintiff's response additionally alleges that Defendant "blackball[ed]" her from any other executive positions that may be available with Defendant's other clients. Dkt. No. 11, pg. 14 (Pg. ID 187). These allegations are conclusory in nature and devoid of any facts to substantiate them. Therefore, these allegations are insufficient to survive Defendant's Motion to Dismiss.

For the above reasons, Plaintiff's complaint fails to plead a sufficient claim of gender discrimination under an employment agency theory of the ELCRA.

3. Aiding and Abetting

Plaintiff's complaint asserts that pursuant to Section 701(b) of the ELCRA, Defendant was "prohibited from assisting, aiding and/or abetting Visteon Corporation in discriminating against Plaintiff because of her sex when

considering her application or candidacy for the position of General Counsel." Dkt. No. 1, pg. 26 (Pg. ID 26). Plaintiff alleges that Defendant intentionally excluded her from further consideration for the position of Visteon's General Counsel at Visteon's request because of her sex. *Id.* Defendant repeats its earlier argument that to bring an action against a non-employer under the ELCRA, the non-employer must have significant control over the firing, hiring, disciplining, or promoting of the plaintiff. Dkt. No. 6, pg. 16 (Pg. ID 54). Defendant asserts that it did not have significant control over Visteon's hiring decision. *Id.*

Section 701 of the ELCRA states that "[t]wo or more persons shall not conspire to, or a person shall not . . . [a]id, abet, incite, compel, or coerce a person to engage in a violation of this act." M.C.L. § 37.2701(b). The Michigan Court of Appeals has followed the Third Circuit's test to state a cognizable claim of aiding and abetting under the ELCRA. To state a valid claim, a plaintiff must show that:

> (1) the party aided by the defendant performed a wrongful act that caused an injury, (2) the defendant had general awareness "of his role as part of an overall illegal or tortious activity at the time that he provide[d] the assistance," and (3) the defendant knowingly and substantially assisted the principal act of discrimination.

*Fortenberry v. Jenkins-Dick Corp.*, No. 242225, 2003 WL 22849770, at *2 (Mich. Ct. App. Dec. 2, 2003) (citing *Hurley v. Atlantic City Police Dep't*, 174 F.3d 95, 127 (3d Cir. 1999)). In this case, Plaintiff's complaint does not allege facts sufficient to pass this test. Even assuming Plaintiff alleges facts sufficient to meet

-11-

elements one and two, Plaintiff's complaint does not allege sufficient facts to meet element three. According to Plaintiff, the principal act of discrimination was deciding to take Plaintiff out of consideration for the General Counsel position because she is female. *See* Dkt. No. 1, pg. 25 (Pg. ID 25). However, Plaintiff's complaint alleges that Visteon was the entity that decided not to continue interviews with Plaintiff. *See* Dkt. No. 1, pg. 24 (Pg. ID 24) (stating that Truc told Plaintiff that *Visteon's* senior management viewed her as a support or second in command). Defendant conveyed the decision to Plaintiff, but did not knowingly and substantially assist Visteon in its decision to take Plaintiff out of consideration due to her sex. To the contrary, Defendant was the entity that recruited Plaintiff. Then, Defendant merely communicated to Plaintiff Visteon's decision to exclude Plaintiff from further consideration for the job. Plaintiff's complaint alleges no facts to conclude that Defendant had influence over Visteon's decision to exclude Plaintiff from the General Counsel position because she is female.

Therefore, Plaintiff's complaint fails to plead sufficient facts to make a plausible claim of Defendant's liability under an aiding and abetting theory. This Court will grant Defendant's Motion to Dismiss against SSI because Plaintiff's gender discrimination claim fails under all three theories that she asserts. Additionally, this Court will dismiss Plaintiff's complaint against individual

defendants Francois Truc and Pierre-Edouard Paquet, as their alleged liability is identical to the alleged liability of Defendant SSI.

4. Leave to Amend

Plaintiff requests this Court grant her leave to amend her complaint if this Court is inclined to grant Defendant's Motion. Dkt. No. 11, pg. 25 (Pg. ID 198). Defendant asserts that this Court should deny leave to amend because any amendment would be futile. Dkt. No. 13, pg. 8 (Pg. ID 209).

A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss. *U.S. ex rel Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 440 (6th Cir. 2016). Plaintiff wishes to amend her complaint to add more facts related to Visteon's alleged discriminatory comments that Defendant communicated to her and Defendant's alleged blackballing of Plaintiff from further executive positions. The Court will allow Plaintiff to file a motion for leave to file a first amended complaint. Plaintiff must file a motion for leave to amend by **August 22, 2018**. Plaintiff must attach her proposed amended complaint as an exhibit to her motion for leave to amend. Defendant may file a response no later than **September 5, 2018**. Plaintiff's reply is due by **September 12, 2018**. This Court will hold a motion hearing and scheduling conference on this matter on **Wednesday, September 19 at 10:00 am**.

## V. CONCLUSION

For the reasons discussed herein, the Court will GRANT Defendant's Motion and dismiss Plaintiff's complaint against SSI, Truc, and Paquet without prejudice. This Court will allow Plaintiff to file a motion for leave to file a first amended complaint.

SO ORDERED.

Dated: August 14, 2018

                                                      s/Gershwin A. Drain
                                                     HON. GERSHWIN A. DRAIN
                                                     United States District Court Judge