UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

I<small>LEANA</small> S<small>IMPLICEAN</small>,

Plaintiff,

v.

SSI (US), I<small>NCORPORATED</small>, <small>ET AL</small>.,

Defendants.

_____/

Case No. 18-cv-11297

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

# **OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT [#18] AND DENYING DEFENDANT'S MOTION FOR SANCTIONS [#26]**

## **I. I**NTRODUCTION

Plaintiff, Ileana Simplicean, is a licensed attorney residing in Wayne County. Defendant SSI (US) Inc. ("SSI") is an executive search and leadership consulting firm that identifies, attracts, and recommends individuals for leadership and executive level positions at corporations. Visteon retained SSI to recruit its new General Counsel. Plaintiff filed the present action against Defendant SSI Inc. and its former employees Francois Truc and Pierre-Edouard Paquet in March of 2018 alleging gender discrimination in hiring.

Presently before the Court is Plaintiff's Motion for Leave to Amend Complaint. Dkt. No. 18. Also before this Court is Defendant SSI's Motion for

Sanctions. Dkt. No. 26. For the reasons discussed below, this Court will deny Plaintiff's Motion for Leave to Amend, and deny Defendant's Motion for Sanctions.

## II. FACTUAL BACKGROUND

In 2015, Visteon Corporation hired SSI to identify candidates for a position as Visteon's General Counsel. Dkt. No. 1, pg. 23 (Pg. ID 23). Francois Truc and Pierre-Paquet were the SSI employees who handled the majority of Visteon's search for a new General Counsel. *Id.* Defendant scouted Plaintiff for the General Counsel position, identifying her as a "perfect candidate." *Id.* Paquet informed Plaintiff that first she would interview with Truc, and then she would meet with Visteon's executive team if her interview with Truc went well. *Id.* at pg. 24 (Pg. ID 24). After Plaintiff interviewed with Truc, Defendant informed her that she was on the short list of three candidates that Visteon would be considering for the General Counsel position. *Id.* Two male candidates were on the short list with Plaintiff. *Id.*

Around November 20, 2015, Truc notified Plaintiff that Visteon had decided to conduct final interviews with the other two candidates and not Plaintiff. *Id.* Truc also informed Plaintiff that Visteon's senior management viewed the male candidates as leaders and Plaintiff as a support or a second in command. *Id.* Visteon ultimately hired a male for its General Counsel position. *Id.* at pg. 25 (Pg. ID 25). Visteon has never had a woman in its General Counsel position. *Id.* at pg.

25 (Pg. ID 25). Plaintiff believes that Visteon's senior management told Truc and Paquet that it did not want a female General Counsel. *Id.*

On March 26, 2018, Plaintiff filed a complaint in the Circuit Court for Wayne County against Truc, Paquet, and SSI. Dkt. No. 1, pg. 29 (Pg. ID 29). Plaintiff served SSI with the summons and complaint, but Plaintiff has not yet served Truc or Paquet. Plaintiff's complaint brought a single count of gender discrimination under the Michigan Elliot Larsen Civil Rights Act ("ELCRA"). *Id.* at pg. 25 (Pg. ID 25). Plaintiff alleged that Defendant, as an agent for Visteon, is liable for Visteon's gender discrimination against her. *Id.* Additionally and/or alternatively, Plaintiff alleged that Defendant is liable as an employment agency. *Id.* Plaintiff also alleged that Defendant aided and abetted Visteon in discriminating against her because of her sex. *Id.* at pg. 26 (Pg. ID 26).

On April 25, 2018, Defendant SSI removed the case to this Court based on diversity jurisdiction. *Id.* at pg. 1 (Pg. ID 1). On May 22, 2018, Defendant filed a motion to dismiss. Dkt. No. 6. On August 14, 2018, this Court entered an Opinion and Order granting Defendant's motion to dismiss without prejudice. Dkt. No. 16. In its Order, this Court also allowed Plaintiff to file a Motion for Leave to Amend Complaint. *Id.*

Plaintiff filed the present Motion for Leave to Amend Complaint on August 22, 2018. Dkt. No. 18. Plaintiff attached her proposed amended complaint to the Motion. Dkt. No. 18-1. The proposed amended complaint adds the following relevant allegations:

> 13. During October and November 2015, Defendants were contracted by Visteon Corporation to assist them with identifying, *vetting, selecting and rejecting*
> candidates for employment as Visteon's General Counsel, whose office would be
> located in Van Buren Township, in Wayne County, Michigan.
> 15. In the course of their search activities, Defendants scouted and recruited Plaintiff for the opportunity to work for Visteon as its General Counsel.
> 16. When they became aware of Plaintiff's interest in and availability for consideration for the Visteon General Counsel position, Defendants Truc and Paquet communicated to Plaintiff that she was a "perfect candidate" for the position.
> 17. Defendants secured Plaintiff's resume, conducted a background interview, checked numerous references and otherwise vetted Plaintiff before
> presenting her to Visteon's search decision-makers.
> 33. Specifically, to assist Visteon in discriminating against Plaintiff due to her sex Defendants used an alleged negative or unflattering opinion expressed by yet-to-be identified employees or representatives of one of Plaintiff's former employers (i.e., that Plaintiff was better suited as a "number two" than a "number one") to develop the false and pretextual explanation that Visteon and Defendants jointly used to explain why Plaintiff was excluded from further consideration for Visteon's General Counsel position.
> 34. Upon information and belief, Defendants did not escalate to Visteon's attention similar negative or unflattering remarks made by former employers of and about the remaining male candidates that Defendants were considering, recognizing that do so would provide a similar basis for excluding those male candidates from further consideration for Visteon's General Counsel position.

> 35. Defendants influenced Visteon to conclude they (i.e., Defendants) had developed a credible pretext that would serve as effective camouflage for Visteon's discriminatory decision to exclude Plaintiff from further consideration for Visteon's General Counsel position.
> 36. In an effort to support and reinforce the false and pretextual explanation that Defendants developed to explain why Plaintiff was excluded from further consideration for Visteon Defendants, Defendants subsequently dropped Plaintiff as a prospective candidate for consideration for general counsel and executive positions with their other clients.
> 37. Contrary to its prior practice in prior years, where Defendant SSI's employees made regular contact with Plaintiff about general counsel opportunities, Defendants made no further contact with Plaintiff regarding other general counsel and executive position opportunities.

Dkt. No. 18-1, pgs. 5–6,8–9 (pg. ID 376–77, 379–80) (emphasis added). Defendant SSI opposed the Motion on September 5, 2018, asserting that any amendment would be futile. Dkt. No. 23. Plaintiff replied on September 12, 2018. Dkt. No. 25.

On September 26, 2018, Defendant filed its Motion for Sanctions. Dkt. No. 26. Defendant requests that this Court dismiss Plaintiff's complaint with prejudice and award it the attorneys' fees and costs it incurred defending this action. *Id.* at pg. 2 (Pg. ID 682).

### III. LEGAL STANDARD

Amendments to pleadings are governed by Fed. R. Civ. P. 15(a). Under this rule, leave to amend pleadings "shall be freely given when justice so requires." "[D]istrict courts have discretion to permit or deny an amendment after a defendant

files an answer to a plaintiff's complaint . . . ." *U.S. ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, No. 15-4406, 2016 WL 6832974, at *7 (6th Cir. Nov. 21, 2016) (citing *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990)). Despite the trial court's discretion, "[t]he thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleadings." Jet, Inc. v. Sewage Aeration Sys., 165 F.3d 419, 425 (6th Cir. 1999) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

The United States Court of Appeals for the Sixth Circuit has identified factors that this Court must consider in determining whether to allow an amendment. These factors are: undue delay in filing, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment. *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss. *U.S. ex rel Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 440 (6th Cir. 2016). Fed. R. Civ. P. 12(b)(6) governs motions to dismiss. Under the Rule, this Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "allege enough facts to make it

plausible that the defendant bears legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016). The facts need to make it more than "merely possible that the defendant is liable; they must make it plausible." *Id.* "Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Id.* A claim will be dismissed "if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

## IV. DISCUSSION

Like Plaintiff's original complaint, Plaintiff's proposed amended complaint asserts three theories of liability. First, Plaintiff asserts that Defendant is liable as an agent of Visteon. Dkt. No. 18-1, pg. 10 (Pg. ID 381). Second, Plaintiff contends that Defendant is liable as an employment agency. *Id.* Third, Plaintiff alleges that Defendant is liable because it aided and abetted Visteon's discrimination. *Id.*

1. Agency

Like her original complaint, Plaintiff's proposed amended complaint alleges that Defendant violated Section 202 of the ELCRA "as agents of Visteon" by "failing or refusing to hire or recruit, or . . . discriminating against Plaintiff with respect to employment . . . because of her sex." Dkt. No. 18-1, pg. 10 (Pg. ID 381).

Under the ELCRA, "An employer shall not . . . [f]ail or refuse to hire or recruit . . . an individual with respect to employment . . . because of . . . sex . . . ." M.C.L. § 37.2202(1)(a). The definition of an employer includes agents of an employer. *Id.* at § 37.2201(a). Plaintiff alleges that Defendant, Truc, and Paquet—as agents of Visteon—are liable for Visteon's failure to employ her because of her sex. Dkt. No. 18-1, pg. 10 (Pg. ID 381). The Sixth Circuit holds, Michigan courts, and this Court have held that under the ELCRA, a supervisor can be liable as an agent for employment discrimination if he or she "is responsible for making personnel decisions." *See Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 434 (6th Cir. 2012); *Comiskey v. Auto. Indus. Action Grp. (A.I.A.G.)*, 40 F. Supp. 2d 877, 891 (E.D. Mich. 1999); *Odigbo v. Nw. Airlines, Inc.*, 8 F. Supp. 2d 660, 664 (E.D. Mich. 1998); *Jenkins v. Se. Mich. Chapter, Am. Red Cross*, 369 N.W.2d 223, 230 (Mich. Ct. App. 1985).

Akin to this Court's August 14 Opinion and Order, this Court finds that Plaintiff's amended complaint does not sufficiently allege that Defendant was an agent of Visteon that can be liable under the ELCRA. The amended complaint does not allege any additional facts that claim Defendant had control over personnel decisions.

To conclude, the facts from Plaintiff's proposed amended complaint, taken as true, do not make it plausible that Defendant made personnel decisions, controlled

a term of Plaintiff's employment, or exercised significant control over Plaintiff's hiring. Therefore, the facts as alleged do not make out a plausible claim that Defendant is liable for employment discrimination as Visteon's agent. Amendment to Plaintiff's complaint under this theory would therefore be futile because it could not withstand a motion to dismiss.

2. Employment Agency

Plaintiff 's proposed amended complaint states that under Section 203 of the ELCRA, SSI, as an employment agency, and Truc and Paquet, were "prohibited from failing or refusing to procure, refer, recruit or place for employment, or otherwise discriminate against, Plaintiff because of her sex." Dkt. No. 18-1, pg. 10 (Pg. ID 381).

Section 203 of the ELCRA states that "an employment agency shall not fail or refuse to procure, refer, recruit, or place for employment, or otherwise discriminate against, an individual because of . . . sex . . . ." M.C.L. § 37.2203. An employment agency is defined as "a person regularly undertaking with or without compensation to procure, refer, recruit, or place an employee for an employer or to procure, refer, recruit, or place for an employer or person the opportunity to work for an employer and includes an agent of that person." *Id.* at § 37.2201.

Plaintiff's proposed amended complaint does not plausibly support the allegation that Defendant failed or refused to recruit her because of her sex. The amended complaint asserts that Defendant scouted her for the position of Visteon's General Counsel. Dkt. No. 18-1, pg. 5 (Pg. ID 376). Therefore, Defendant successfully recruited Plaintiff for the position. Visteon then decided not to hire Plaintiff after Defendant's recruitment. *Id.* at pgs. 5–7 (Pg. ID 376–78). The amended complaint does not contain any additional facts to substantiate Defendant's liability under an employment agency theory.

For the above reasons, Plaintiff's amended complaint does not plead a sufficient claim of gender discrimination under an employment agency theory of the ELCRA. Thus, this Court will deny Defendant's Motion to Amend this theory of the complaint as futile.

3. Aiding and Abetting

Lastly, Plaintiff's proposed amended complaint asserts that pursuant to Section 701(b) of the ELCRA, Defendant was "prohibited from aiding and/or abetting Visteon Corporation in discriminating against Plaintiff because of her sex when considering her application or candidacy for the position of General Counsel." Dkt. No. 18-1, pg. 10 (Pg. ID 381). Plaintiff now alleges that employees of Defendant expressed a negative opinion of Plaintiff. *Id.* at pg. 8 (Pg. ID 379). Defendant

allegedly informed Visteon of this negative opinion so Visteon could use it as a pretext for not hiring Plaintiff. *Id.* Plaintiff now asserts that Defendant did not bring similar negative remarks made by former employers of the male candidates to Visteon's attention. *Id.* Additionally, Defendant allegedly did not make further contact with Plaintiff regarding other general counsel and executive positions, unlike its prior practice. *Id.* at pg. 9 (Pg. ID 380).

Section 701 of the ELCRA states that "[t]wo or more persons shall not conspire to, or a person shall not . . . [a]id, abet, incite, compel, or coerce a person to engage in a violation of this act." M.C.L. § 37.2701(b). The Michigan Court of Appeals has followed the Third Circuit's test to state a cognizable claim of aiding and abetting under the ELCRA. To state a valid claim, a plaintiff must show that:

> (1) the party aided by the defendant performed a wrongful act that caused an injury, (2) the defendant had general awareness "of his role as part of an overall illegal or tortious activity at the time that he provide[d] the assistance," and (3) the defendant knowingly and substantially assisted the principal act of discrimination.

*Fortenberry v. Jenkins-Dick Corp.*, No. 242225, 2003 WL 22849770, at *2 (Mich. Ct. App. Dec. 2, 2003) (citing *Hurley v. Atlantic City Police Dep't*, 174 F.3d 95, 127 (3d Cir. 1999)).

Plaintiff's proposed amended complaint fails to allege facts sufficient to pass the aiding and abetting test under the ELCRA. The amended complaint still does

not allege sufficient facts to meet element three. Plaintiff contends that Defendant's principal act of discrimination was deciding to take Plaintiff out of consideration for the General Counsel position because she is female. *See* Dkt. No. 18-1, pg. 11 (Pg. ID 382). But Plaintiff's amended complaint continues to allege that Visteon was the entity that decided not to continue interviews with Plaintiff, and not Defendant. *See* Dkt. No. 18, pg. 7 (Pg. ID 378) (stating that Truc told Plaintiff that *Visteon's* senior management decided to move on with final interviews with the male candidates only). Further, Plaintiff's allegations that Defendant created a pretextual explanation to explain why Plaintiff was excluded is conclusory in nature and devoid of any facts to substantiate it. Thus, this Court finds that Plaintiff's amended complaint does not sufficiently allege that Defendant aided and abetted Visteon in discriminating against her.

To conclude, Plaintiff's proposed amended complaint fails to plead sufficient facts to make a plausible claim of Defendant's liability under an aiding and abetting theory, or any other theory. Thus, Plaintiff's proposed amendments would be futile. This Court will therefore deny Plaintiff's Motion for Leave to Amend Complaint for these reasons.

4. Defendant's Motion for Sanctions

Defendant moves this Court to impose sanctions on Plaintiff for Plaintiff bringing what Defendant believes is a frivolous Motion for Leave to Amend. Dkt. No. 26, pg. 2 (Pg. ID 682). Defendant contends that this Court should impose sanctions under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and its inherent authority to impose sanctions for bad faith. *Id.* at pg. 5 (Pg. ID 685). Plaintiff argues that its proposed first amended complaint is grounded in fact and that she does not intend to harass or delay proceedings by filing her Motion for Leave to Amend. Dkt. No. 27, pg. 2 (Pg. ID 795).

Fed. R. Civ. P. 11(c) allows a court to impose sanctions for filing frivolous lawsuits. A court must determine whether an attorney's conduct was "reasonable under the circumstances" when deciding whether to impose sanctions. *Mich. Division-Monument Builders of N. Am. v. Mich. Cemetery Ass'n*, 524 F.3d 726, 739 (6th Cir. 2008).

The United States Code allows a court to impose sanctions on any attorney who "unreasonably and vexatiously" multiplies the proceedings in a case. 28 U.S.C. § 1927. The Sixth Circuit holds that § 1927 sanctions are appropriate when an "attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by the member of the bar to the

court and which, as a result, causes additional expense to the opposing party." *Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002) (quoting *Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996)). "Simple inadvertence and negligence are not" sufficient grounds for imposing sanctions under § 1927. *Id.*

Further, federal courts have the inherent power to sanction "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or when the conduct was tantamount to bad faith." *U.S. v. Llanez-Garcia*, 735 F.3d 483, 492 (6th Cir. 2013); *see also First Bank of Merietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002).

Here, Defendant asserts that Plaintiff's Motion and brief in support are replete with allegations that Plaintiff's counsel know or should know to be false. Dkt. No. 26, pg. 18 (Pg. ID 698). First, Defendant asserts that Plaintiff's allegations that Defendant created a pretextual explanation to explain why Plaintiff was excluded is too absurd for Plaintiff's attorneys to have believed it to be true. *Id.* at pg. 19 (Pg. ID 699). This Court has found that this additional allegation is conclusory and not substantiated. However, this Court does not find that Plaintiff's pretext allegation is so fanatical that Plaintiff's attorneys were objectively unreasonable in bringing it or that Plaintiff's attorneys brought it in bad faith. *See* Dkt. No. 27-3, 27-4.

Plaintiff's attorneys have provided this Court with correspondence between the parties from January and February 2018 which demonstrates their belief that a third party communicated to Defendant that Plaintiff was not an ideal candidate for the position. Dkt. No. 27-3, pg. 3 (Pg. ID 833). Defense counsel refused to provide any names of confidential third-party sources. Dkt. No. 27-4. Thus, proposing the pretext allegation was not objectively unreasonable given the early stages of this litigation and the fact that Defense counsel did not provide Plaintiff with names to further prove or disprove their belief about the actions of third parties.

Next, Defendant contends that Plaintiff's allegation that she was more qualified than the two male finalists has no evidentiary support. Dkt. No. 26, pg. 26 (Pg. ID 706). Plaintiff argues that there is evidence that she was more qualified for the job than the male candidates. Dkt. No. 27, pgs. 10–13 (Pg. ID 803–06). This Court finds that Plaintiff has provided enough information that makes it reasonable to believe that Plaintiff was more qualified than the male candidates. *See id.* (describing the relevant qualifications between Plaintiff and the two male finalists). Thus, Plaintiff's attorneys did not act in bad faith in bringing Plaintiff's Motion to Amend. Further, Plaintiff's attorneys were also not acting in an objectively unreasonable manner in bringing Plaintiff's Motion to Amend.

## V. Conclusion

For the reasons discussed herein, this Court will deny Plaintiff's Motion for Leave to Amend Complaint and deny Defendant's Motion for Sanctions.

SO ORDERED.

Dated: December 11, 2018

                                                  s/Gershwin A. Drain
                                                  HON. GERSHWIN A. DRAIN
                                                  United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 11, 2018, by electronic and/or ordinary mail.

                                                  s/Teresa McGovern
                                                  Case Manager